IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dale Allen Harrington, | No. CV 06-48-PHX-SRB (HCE) |
| Petitioner, | **REPORT & RECOMMENDATION** |
| vs. | |
| Warden Baca, et. al., | |
| Respondents. | |

Pending before the Court is Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge. For the following reasons, the Magistrate Judge recommends that the District Court dismiss the Petition as untimely.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

A.    State Proceedings

Petitioner's Petition involves two state criminal proceedings. The first proceeding commenced on September 18, 2002 when Petitioner was charged by indictment filed in Maricopa County Superior Court, Arizona, with Taking the Identity of Another, a Class 4 felony (hereinafter "CR 2002-016622"). (Answer, Ex. A)  On March 3, 2003, the State filed an allegation of historical priors, alleging four historical non-dangerous felony convictions. (Answer, p. 2, Ex. B)

The second criminal proceeding commenced on June 9, 2003 when Petitioner was indicted with four counts of Forgery, Class 4 felonies, and one count of Possession or Use of Dangerous Drugs (methamphetamine), a Class 4 felony (hereinafter "CR 2003-014993"). (Answer, p. 2, Ex. E) On July 8, 2003, the State filed an allegation of historical priors alleging the same four historical felony convictions alleged in CR 2002-016622 and included that "[o]n April 5, 2002, Defendant committed the crime of Taking the Identity of Another, A Class 4 Felony and Defendant [was] pending conviction for that crime...in Cause Number CR 2002-016622...." (Answer, p. 3, Ex. F) The State also filed an allegation that Petitioner committed the charged offenses in CR 2003-014993 while released on bond in CR 2002-016622. (Answer, Ex. I)

Petitioner entered plea agreements in both cases. In CR 2002-016622, Petitioner entered a guilty plea to the Class 4 felony of Taking the Identify of Another with one historical prior felony conviction and the State agreed to dismiss the allegations of the remaining three historical prior felony convictions. (Answer, Ex. J, K) In CR 2003-014993, Petitioner entered a guilty plea to the Class 4 felony of Forgery with one historical prior felony conviction and the State agreed to dismiss the remaining counts and the allegations of the remaining historical prior felony convictions; did not allege the enhanced sentencing for committing the crime while released on bond under A.R.S. § 13-604 (R); and did not file any charges arising out of Maricopa County Sheriff Departmental Report No. 03-15388 regarding one "Patrica [sic] Conrad." (Answer, p. 3, Ex. M, N)

On October 29, 2003, the trial court sentenced Petitioner in both cases. (Answer, p. 3, Ex. L, O) In CR 2002-016622, the trial court sentenced Petitioner to an aggravated term of 6 years of imprisonment, to run concurrently with the sentence imposed in CR 2003-014993. (Ex. L) In CR 2003-014993, the trial court sentenced Petitioner to 7 years of imprisonment, to run concurrently with the 6-year sentence imposed in CR 2002-016622. (Answer, p. 3, Ex. O)

On November 27, 2004, Petitioner filed a petition for post-conviction relief (hereinafter "PCR Petition") with the state trial court wherein he sought a reduction in his sentence to the presumptive term of 4.5 years of imprisonment in light of *Blakely v. Washington,* 542 U.S. 296 (2004). (Answer, Ex. P)  On January 20, 2005, the trial court denied relief because Petitioner's PCR Petition was untimely and did not meet an exception to the timeliness requirement in light of the United States Supreme Court's holding that *Blakely* was not retroactive to cases like Petitioner's, where the conviction was final prior to issuance of the *Blakely* decision. (Answer, p. 4, Ex. Q) On September 21, 2005, the Arizona Court of Appeals denied Petitioner's Petition for Review. (Answer, R, T) Petitioner did not petition the Arizona Supreme Court for review. (Petition, p. 2; Answer, p. 4)

### B.    Federal Proceeding

The instant Petition for federal habeas relief was signed by Petitioner on December 26, 2005 and filed-stamped by the Clerk of the Court on January 5, 2006. A petition is deemed filed when handed by the inmate to a prison official for mailing. *See Houston v. Lack,* 487 U.S. 266, 270-271 (1988); *Patterson v. Stewart,* 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) ("Under the prison mailbox rule...a *pro se* petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk.")  The Court deems the Petition commencing this action as filed on December 26, 2005. *See id.*

Petitioner raises one claim: That the trial court violated the Sixth and Eighth Amendment when it sentenced him beyond the presumptive term to an aggravated term without notice or "aggravated and mitigated hearing..." (Petition, p. 5)

On April 27, 2006, Respondents filed their Answer. Respondents argue that the Petition is untimely filed, and alternatively, is procedurally defaulted and/or without merit. Petitioner did not file a reply to Respondents' Answer.

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") "imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners

in federal court." *Malcom v. Payne,* 281 F.3d 951, 955 (9th Cir. 2002) (citing 28 U.S.C. § 2244(d)(1))  Pursuant to section 2244, the limitations period

> shall run from the latest of–
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1)(A)-(D).

The statute of limitations may be statutorily or equitably tolled. *Malcom*, 281 F.3d at 955. The limitations period is statutorily tolled when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...." 28 U.S.C. § 2244(d)(2). Additionally, equitable tolling may apply if a petitioner has been pursuing his rights diligently, and some extraordinary circumstance beyond his control make it impossible to file a petition on time. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Malcom,* 281 F.3d at 962.

For Arizona criminal defendants, like Petitioner herein, who stand convicted pursuant to a guilty plea, the conviction becomes final for purposes of the AEDPA statute of limitations upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *See Summers v. Schriro,* 481 F.3d 710, 711 (9th Cir. 2007) (holding that Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)). Under Arizona law, Petitioner had 90 days from the entry of judgment and sentence to file a notice of post-conviction relief, which would initiate the Rule 32 of-right proceeding. *See* Ariz.R.Crim.P. 32.4 (2003) ("the notice [of post-conviction

relief] must be filed within ninety days after the entry of judgment and sentence....") Thus, Petitioner's conviction became final 90 days after his sentencing, i.e., January 27, 2004. *See Summers,* 481 F.3d at 716-717; Ariz.R.Crim.P. 32.4. Further, the AEDPA one-year statute of limitations commenced the following day, i.e., January 28, 2004, and expired on January 28, 2005, unless Petitioner could establish an alternate calculation of the time period was appropriate under section 2244(d)(1) and (2), and/or that equitable tolling applied. *See Patterson,* 251 F.3d at 1245-1246 (holding that Fed.R.Civ.P. 6(a) applies to the calculation of AEDPA's limitations period).

Although Petitioner pursued post-conviction relief in State court beginning in November 2004, that proceeding did not toll the AEDPA statute of limitations because it was not timely filed. *Pace,* 544 U.S. at 414-415 (untimely state court petition was not "properly filed" and did not toll the AEDPA statute of limitations under section 2244(d)(2)).

Petitioner has not established an alternate calculation for the commencement of the limitations period. Approximately three years before Petitioner's conviction, the U.S. Supreme Court held in *Apprendi* that any fact, other than the fact of a prior conviction, that increased the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). When Petitioner was convicted, *Apprendi* "was widely understood...to apply only if the sentence imposed exceeded the statutory maximum." *State v. Febles,* 115 P.3d 629, 636, 210 Ariz. 589, 596 (App. 2005). Although Petitioner's sentences exceeded the presumptive term, they did not exceed the statutory maximum.[1] In 2004, the U.S. Supreme Court modified *Apprendi* by holding that:

---

[1] Pursuant to the plea agreement herein, each crime for which Petitioner stood convicted "carrie[d] a presumptive sentence of 4.5 years; a minimum sentence of 3 years (2.25 years if trial court makes exceptional circumstances finding); and a maximum sentence of 6 years (7.5 years if trial court makes exceptional circumstances finding)." (Answer, Ex. J, M) (emphasis omitted).

> the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*...In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

*Blakely,* 542 U.S. at 303 (citations omitted) (emphasis in original).

Section 2244(d)(1)(D) provides that the AEDPA statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The record is clear that at the time of his conviction, Petitioner was aware of the factual predicate of his claims herein, i.e., that he was sentenced above the presumptive term. To the extent that the *Blakely* decision prompted Petitioner to seek federal habeas relief, *Blakely* is the legal predicate for Petitioner's claims, not the factual predicate or evidence, relevant to his guilt or sentence. *See Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (AEDPA statute of limitations begins to run when the petitioner knows the important facts, not when the petitioner recognizes their legal significance.) Because Petitioner was aware of the pertinent facts at the time his conviction became final, application of section 2244(d)(1)(D) does not alter the statute of limitations calculation herein.

Nor does the Supreme Court's June 24, 2004 ruling in *Blakely* support an alternative date for the commencement of the statute of limitations. Although section 2244(d)(1)(C) provides that the limitations period will commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court,...." the statute also requires that such newly recognized right must have been "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). As discussed above, Petitioner's conviction became final on January 27, 2004–several months *before Blakely* was decided. It is well-established that *Blakely* does not apply retroactively to collateral review of a conviction, like Petitioner's, that was final before that decision was announced. *Schardt v. Payne,* 414 F.3d 1025 (9th Cir. 2005) (holding that *Blakely* does not apply retroactively to cases on collateral

review); *Febles,* 115 P.3d at 635, 210 Ariz. at 595 ("*Blakely* only applies to cases not yet final when the opinion was issued.")[2]

On this record, sections 2244(d)(1)(B) through 2244(d)(1)(D) do not affect the AEDPA statute of limitations calculation. Consequently, pursuant to section 2244(d)(1)(A), Petitioner had until January 28, 2005 to seek federal habeas relief unless he established that he was entitled to equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418. Moreover, a petitioner's "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Fisher v. Johnson,* 174 F.3d 710, 714-716 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner generally does not" warrant equitable tolling of the AEDPA statute of limitations). Respondents correctly point out that "Petitioner has alleged no grounds that would support equitable tolling, nor do any grounds appear in this record." (Answer, p. 10) On the instant record, Petitioner has not demonstrated that he has pursued his rights diligently and that his failure to file a federal habeas petition within the AEDPA statute of limitations was the result of circumstances beyond his control. Therefore, the AEDPA statute of limitations is not subject to equitable tolling in Petitioner's case and the instant Petition must be dismissed as untimely. Because the Petition is untimely, the Court need not address Respondents' alternative arguments.

## III.   RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss Petitioner's Petition for Writ of Habeas Corpus as untimely.

---

[2] Because *Blakely* is not retroactive, Petitioner's claim would also fail on the merits.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed, the parties should use the following case number: **CV 06-48-PHX-SRB.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 10th day of March, 2008.

_____
Héctor C. Estrada
United States Magistrate Judge